1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12   LUZ MARIA HERNANDEZ, et al.,          Case No.  5:16-cv-02022-RMW

13              Plaintiffs,

14         v.                              **ORDER DISMISSING FEDERAL
                                           CLAIMS AND REMANDING CASE TO
                                           STATE COURT**
15   RESIDENTIAL CREDIT SOLUTIONS,
     INC., et al.,                         Re: Dkt. Nos. 8, 9, 11, 13

16              Defendants.

17         Presently before the court are four motions to dismiss the complaint alleging illegal

18   foreclosure that plaintiffs Luz Hernandez and Marco Zesati originally filed in state court:

19   (1) Motion to Dismiss by defendants Countrywide Home Loans, Inc., dba America's Wholesale

20   Lender; CWMBS, Inc.; and Bank of America, N.A.[1] (collectively "Countrywide"), Dkt. No. 8;

21   (2) Motion to Dismiss by defendant Residential Credit Solutions, Inc. ("RCS"), Dkt. No. 9;

22   (3) Motion to Dismiss by defendant Mortgage Electronic Registrations Systems, Inc. ("MERS"),

23   Dkt. No. 11; and (4) Motion to Dismiss by defendant The Bank of New York Mellon, formerly

24   known as The Bank of New York as Trustee for the Certificate Holders of CWMBS, Inc., CHL

25   _____

26   [1] Plaintiffs' complaint names Countrywide Home Loans Servicing LP as a defendant, not Bank of
     America. Bank of America, N.A. asserts that it is the successor by merger to BAC Home Loans
27   Servicing, LP, which was formerly known as Countrywide Home Loans Servicing LP. Dkt. No. 8
     at 2.

28                                          1

United States District Court
Northern District of California

Mortgage Pass-through Trust 2007-J2 Mortgage Pass-through Certificates, Series 2007-J2 (hereinafter "BNYM"),[2] Dkt. No. 13.[3] For the reasons set forth below, the court dismisses plaintiffs' federal claims and remands the remaining state law claims to the Monterey County Superior Court.

## I.    BACKGROUND

### A.    Judicial Notice

Defendants request that the court take judicial notice of several documents that are referenced in plaintiffs' complaint or its attachments. *See* Dkt. Nos. 7, 10, 12, 14. In ruling on a motion to dismiss, "courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). Accordingly, this court takes judicial notice of the specific documents cited below that were recorded in the Monterey County Recorder's Office and that relate to ownership of the Promissory Note and Deed of Trust on the Hernandez home. This court need not rule on defendants' requests for judicial notice for documents not cited below because this order does not rely on such documents that are not cited.

### B.    Factual Background and Procedural History

The complaint alleges that on or about April 25, 2007, plaintiff Luz Hernandez signed a Promissory Note and obtained a $447,000 mortgage loan from Countrywide with her husband Angel Hernandez. Dkt. No. 1-1 ("Compl.") ¶ 29. The loan was secured by a Deed of Trust over the Hernandez residence at 53600 Pine Canyon Road, King City, California.[4] *Id.* ¶¶ 8, 29; Dkt. No. 7-2 (Deed of Trust).[5] The Deed of Trust defined the "lender" as Countrywide Home Loans,

---

[2] BYNM asserts that the complaint erroneously refers to it as "The Bank of New York as Trustee for Securitized Trust CHL Mortgage Passthrough Trust 2007-12." Dkt. No. 13 at Notice p. 2.

[3] Defendant Quality Loan Service Corporation has not appeared in this matter. It is unclear whether Quality Loan Service was served with plaintiffs' complaint.

[4] The court takes judicial notice of the Deed of Trust, which was recorded in the Monterey County Recorder's Office on May 3, 2007 and is attached to several defendants' requests for judicial notice. *E.g.* Dkt. No. 7-2.

[5] The first three pages of the Deed of Trust are attached as Exhibit M to the complaint. Dkt. No. 1-1 at ECF pp. 145-48.

1    Inc. dba America's Wholesale Lender. Dkt. No. 7-2 at 2. The Deed of Trust identified non-party

2    Monterey Recon Trust Company, NA as the "trustee." *Id.* The Deed of Trust also identified

3    defendant MERS as a "beneficiary." *Id.*

4         The exact chain of events that followed is not entirely clear from the face of the complaint,

5    but eventually the Hernandez home went into foreclosure. It appears that on October 7, 2011,

6    Recontrust Company filed a Notice of Default with the Monterey County Recorder. Compl. Ex. G,

7    Dkt. No. 1-1 at ECF p. 129. On May 1, 2015, Quality Loan Service filed another Notice of

8    Default. Compl. Ex. E, Dkt. No. 1-1 at ECF p. 121. On January 13, 2016, Quality Loan Service

9    filed a Notice of Trustee's Sale indicating that the Hernandez home would be sold on February 10,

10   2016. Compl. Ex. D, Dkt. No. 1-1 at ECF p. 118. On February 18, 2016, defendant RCS filed a

11   Trustee's Deed Upon Sale with the Monterey County Recorder indicating that the Hernandez

12   home had been sold to defendant BNYM. Compl. Ex. C, Dkt. No. 1-1 at ECF p. 114.

13        In general terms, the complaint alleges that prior to the foreclosure proceedings, the loan

14   was securitized, but the Promissory Note was not properly transferred to defendant BNYM.

15   Compl. ¶ 30. As a result, plaintiffs contend, the loan was rendered invalid. *See id.* ¶¶ 29-43.

16   Moreover, plaintiffs contend, none of the named defendants had a legal right to foreclose. *See id.*

17   ¶¶ 57-58. Attached to the complaint is a forensic audit of Ms. Hernandez's loan documents

18   purportedly prepared by an organization called Certified Forensic Loan Auditors LLC. *See* Compl.

19   ¶ 31, Ex. A-B. Plaintiffs also contend that Countrywide failed to make required disclosures and

20   gave Ms. Hernandez a loan that Countrywide knew or should have known that Ms. Hernandez

21   would not be able to repay. *See id.* ¶¶ 51-55.

22        Plaintiffs commenced this lawsuit in Monterey County Superior Court on March 17, 2016.

23   Dkt. No. 1-1. Plaintiffs' complaint asserts the following causes of action:

24             1.   Lack of Standing to Foreclose;

25             2.   Fraud in the Concealment;

26             3.   Fraud in the Inducement;

27             4.   Intentional Infliction of Emotional Distress;

28
                                                     3

United States District Court
Northern District of California

5.  Quiet Title;

6.  Slander of Title;

7.  Declaratory Relief;

8.  Violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., as amended;

9.  Violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and

10. Rescission.

*Id.* Defendant Countrywide Home Loans Inc. removed the case to this court on April 18, 2016 based on federal question jurisdiction over plaintiffs' TILA and RESPA claims and supplemental jurisdiction over plaintiffs' state law claims. Dkt. No. 1. No party filed an objection to removal.

Countrywide filed a motion to dismiss on April 21, 2016, Dkt. No. 6, but subsequently re-noticed the motion to dismiss with a different hearing date, Dkt. No. 8. RCS, MERS, and BYNM filed motions to dismiss on April 28, 2016. Dkt. Nos. 9, 11, 13. Plaintiffs did not file written responses to any of the defendants' motions to dismiss. The court held a hearing on the instant motions on June 3, 2016. Plaintiff Zesati appeared telephonically at the hearing, as did counsel for defendants.

## II.  ANALYSIS

### A.  Motions to Dismiss

Defendants argue that plaintiffs' complaint fails to state a claim on which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

5:16-cv-02022-RMW
ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT
RS

United States District Court
Northern District of California

1  (citation omitted). While a complaint need not allege detailed factual allegations, it "must contain

2  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

4  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

6  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

7  a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

8  **1.   TILA**

9  Claim 8 of the complaint alleges that defendants violated the Truth in Lending Act by

10  "failing to provide Plaintiff with accurate material disclosures" and "not taking into account the

11  intent of the State Legislature in approving this statute which was to fully inform home buyers of

12  the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they

13  can understand and comprehend." Compl. ¶ 133. Plaintiffs allege that because of defendants'

14  conduct, they lost substantial equity in their home and were unable to refinance the home or obtain

15  any modification of their loan. *Id.* ¶¶ 135-36. Claim 10 of the complaint seeks rescission based in

16  part on the alleged TILA violations.

17  Defendants argue, among other things, that plaintiffs' TILA claims are time-barred. Claims

18  for damages under the TILA are subject to a one-year statute of limitations, running from the date

19  of consummation of the transaction. 15 U.S.C. § 1640(e); *King v. State of Cal.*, 784 F.2d 910, 915

20  (9th Cir. 1986). Claims for rescission are subject to a three-year statute of limitations. *Beach v.*

21  *Ocwen Fed. Bank*, 523 U.S. 410, 411-12 (1998). Claims for damages under the TILA may be

22  subject to equitable tolling in appropriate circumstances, but claims for rescission are not subject

23  to equitable tolling. *Beach*, 523 U.S. at 412-13. In the instant case, Ms. Hernandez obtained the

24  home loan at issue in 2007 but did not file suit until 2016. Moreover, the complaint contains no

25  allegations to explain the delay in filing suit that would suggest that equitable tolling might apply.

26  At the hearing on the instant motions, after this court indicated to the parties that it was inclined to

27  find that the statute of limitations barred plaintiffs' federal claims, plaintiffs did not argue that

28

United States District Court
Northern District of California

5

there are any facts that would toll the statute of limitations. Plaintiff Zesati indicated that he had understood that the statute of limitations began to run at the time of foreclosure, but he cited no authority in support of this argument that would refute the authority cited by defendants.

Accordingly, this court finds that plaintiffs' TILA claims are time-barred.

### 2.  RESPA

Claim 9 of plaintiffs' complaint alleges that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall." Compl. ¶ 146. Plaintiffs assert that "[t]he interest and income that Defendants have gained is disproportionate to the situation Plaintiff [sic] find themselves in." *Id.* ¶ 144.

Defendants also argue that plaintiffs' RESPA claims are time-barred. Claims for violations of 12 U.S.C. §§ 2607 and 2608 are subject to a one-year statute of limitations, and claims for violations of 12 U.S.C. § 2605 are subject to a three-year statute of limitations. 12 U.S.C. § 2614; *Ireland v. Centralbanc Mortgage Corp.*, No. 5:12-CV-02991 EJD, 2012 WL 6025764, at *4 (N.D. Cal. Dec. 4, 2012). In this case, Ms. Hernandez's loan originated in 2007, and it was last transferred in 2011. The complaint contains no allegations to suggest that equitable tolling might apply, and, as with the TILA claims, plaintiffs did not argue at the hearing on the instant motions that there are any facts that would toll the statute of limitations on their RESPA claims. Even under the broadest possible reading of the statutes of limitations, plaintiffs' RESPA claims, filed in 2016, are time-barred.

### 3.  Other Grounds for Dismissal

Because the court finds that all of plaintiffs' federal claims are time-barred, the court need not address defendants' other arguments for dismissal of these claims. Moreover, because the court finds that plaintiffs have failed to state a claim under federal law and that subject matter jurisdiction over plaintiffs' state law claims may be lacking, the court need not reach the merits of plaintiffs' state law claims.

### 4.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be

5:16-cv-02022-RMW
ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT
RS

freely granted when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

In this case, plaintiffs did not file written responses to any of the defendants' motions to dismiss. At the hearing on the instant motions, after this court indicated to the parties that it was inclined to find that the statutes of limitations barred plaintiffs' federal claims, plaintiffs did not argue that there are any facts or legal authorities that would toll the statutes of limitations. Accordingly, the court finds that amendment would be futile. Plaintiffs' federal claims are dismissed with prejudice.

### B.    Removal Jurisdiction

Because plaintiffs' federal claims are being dismissed, and no party has asserted that diversity jurisdiction exists in this case, the court must decide whether to exercise supplemental jurisdiction or to remand the case to state court. A defendant may remove to federal court those civil actions filed in state court which could have been filed in federal court in the first instance. 28 U.S.C § 1441. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. sections 1331 and 1332. As noted above, Countrywide removed this case to this court based on federal question jurisdiction over plaintiffs' TILA and RESPA claims and supplemental jurisdiction over plaintiffs' state law claims. Dkt. No. 1. Countrywide has not asserted that diversity jurisdiction exists, and the pleadings suggest that such an argument would likely fail given that the Deed of Trust indicates that Countrywide's principal place of business is in Calabasas, California. Compl. Ex. M at 2. Accordingly, the only potential basis for maintaining

United States District Court
Northern District of California

7

jurisdiction over plaintiffs' state law claims is supplemental jurisdiction. "If the federal claims that served as the basis for removal are eliminated, the district court has discretion to decline to exercise its supplemental jurisdiction and to remand the remaining state law claims to state court." *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1001 (N.D. Cal. 2013) (citing 28 U.S.C. § 1367(a); *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 938 (9th Cir. 2003), *amended on other grounds*, 350 F.3d 916 (9th Cir. 2003)). Factors that a court may consider in determining whether to retain supplemental jurisdiction over a case or remand the case include "the values of economy, convenience, fairness, and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

In this case, the court finds that remand is appropriate. This case has been in federal court for less than two months, and it is still at the pleading stage; a trial date has not been set. This court has not performed a substantial amount of legal analysis that would need to be repeated by the state court. In addition, the vast majority of plaintiffs' claims rely on state law, so considerations of comity weigh in favor of remand. The parties have not suggested that a state forum would be unfair to their claims, nor have they suggested that litigating in the Monterey County Superior Court would be inconvenient for them. Accordingly, this case is remanded to the Monterey County Superior Court.

## III.   ORDER

For the reasons explained above, the court GRANTS defendants' motions to dismiss plaintiffs' TILA and RESPA claims with prejudice. Furthermore, this court REMANDS the remaining state law claims to the Superior Court of California, County of Monterey. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 7, 2016

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge

8